**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

EDWARD THOMAS KENNEDY,

      Plaintiff,

# 18 CV 4274

Civil Action No. _____

TRIAL BY JURY DEMANDED

      v.

BOROUGH OF MINERSVILLE,
KATHLEEN GRANAHAN KANE, in her official
and individual capacities,
JOSHUA DAVID SHAPIRO, in his official
and individual capacities,
ALBERT JOSEPH EVANS,
in his official and individual capacities,
MARTIN JOSEPH CERULLO, in his official
and individual capacities,
THOMAS G. SAYLOR,
in his official and individual capacities,
ROBERT D. CASTILLE,
in his official and individual capacities,
SCHUYLKILL COUNTY BAR ASSOCIATION,
AND ALL ITS MEMBERS,
in their official and individual capacities,
RICHARD CHARLES CLINK,
in his official and individual capacities,
MICHAEL ANDREW O'PAKE,
in his official and individual and
DAVID G. ARGALL,
in his official and individual capacities. and
DAVID A. PLACHKO, in his official
and individual capacities,
CERULLO, DATTE & BURKE, P.C.,
FANELLI, EVANS & PATEL, P.C.,
ROBERT BENJAMIN PATTON, and
FEDERAL RESERVE BANK OF NEW YORK,

Defendants.

## COMPLAINT PURSUANT TO RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT AND OTHER CAUSES OF ACTION

### NOTICE

Plaintiff demands ECF access to file documents into this case in this court. Plaintiff says to deny the Plaintiff ECF access violates his guaranteed right to equal access to justice and due process.

### NOTICE

Plaintiff accepts the oath of office of the Honorable Judge assigned to this case, and binds him or her to it, and reminds the Honorable Judge of his or her fiduciary duty to the Plaintiff.

Plaintiff sues the Defendants in their official and individual capacities. Each government-official Defendant, through the official's own individual actions, has violated the United States ("U.S.") Constitution, and is sued for operating a criminal enterprise, for violating Plaintiff's due process rights, vested property rights, constitutional rights, for misappropriating property, and for violating Plaintiff's statutory rights to obtain documents under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, known in Pennsylvania as the Right to Know Law ("RTKL"),[1] Trespass  (D.C. Common Law), Computer Fraud and Abuse Act (18 U.S.C. § 1030(A)), Trespass to Chattels (Virginia Common Law) and Conspiracy to Commit Chattels (Virginia Common Law), Mail Fraud (18 U.S.C. Section 1341),  Fraud by wire, radio, or television (18 U.S. Code § 1343), and 5 U.S.C. § 552a (The Privacy Act).

Clearly, plainly and palpably, the all Defendants have systematically and continuously

---

[1] Pennsylvania 65 P.S. § 67.101 et seq.is designed to guarantee that the Plaintiff and the public has access to public records of governmental bodies in Pennsylvania.

"gone gangster"[2] over the last ten (10) years and more, conducted a corrupt enterprise in violation of the Racketeer Influenced and Corrupt Organization ("RICO") Act, all of which acts are continuing in nature. As grounds, therefore, Plaintiff alleges as follows:

## I. INTRODUCTION

1.    This is a civil action for violations of 18 U.S.C. § 1961 et seq. ("Racketeer Influenced and Corrupt Organizations Act" or "RICO"). RICO addresses the corrupt abuse and misuse – usually covertly – of organizations, entities, businesses, institutions or even governments or government agencies, such that superficially legitimate entities actually operate for criminal purposes irrelevant to the entity's purpose.

2.    Plaintiff has filed Right to Know Law ("RTKL") requests for public records created or held by the Defendants Borough of Minersville and individual Defendants Saylor, Shapiro, and O'Pake herein which records are of the public interest and importance to the citizens of the United States.

3.    Considering important RTKL requests in particular, the Defendants have withheld documents from the Plaintiff to which the Plaintiff is entitled to by law under FOIA and RTKL laws concerning financial statements, cash flow statements, balances sheets, policies, practices and customs by the Borough of Minersville for persons, companies, and other interests to conduct business. In addition, the RTKL at issue concerns the Defendants, and in particular Defendants O'Pake, Shapiro, Castille, Saylor, Evans and Plachko their actual, planned, organized, directed, co-ordinated, budgeted, managed and/or supervised trespass, especially forced entry and threats of violence on June 2, 2017 by their agents, the County of Lehigh Sheriff's office,

---

2 "Gone gangster" as mentioned by Scott Galloway, NYU Stern Professor of Business.

Upper Macungie Township Police Department, and Commonwealth of Pennsylvania State Police, which directly led to the excessive force, kidnapping, false arrest, false imprisonment (in two prisons) of the Plaintiff, in support of their criminal enterprise.

4.     Defendants also violated the Plaintiff's due process rights, and charged the Plaintiff with crimes without lawful oaths of office and without lawful bench warrants, committed crimes of Trespass  (D.C. Common Law), Computer Fraud and Abuse Act (18 U.S.C. § 1030(A)), Trespass to Chattels (Virginia Common Law) and Conspiracy to Commit Chattels (Virginia Common Law), Mail Fraud (18 U.S.C. Section 1341), and Fraud by wire, radio, or television (18 U.S. Code § 1343), in support of the criminal enterprise.

5.     Upon information and belief, Plaintiff states that it is the custom, policy, and practice for individual Defendants to lie under oath, breach their oath contracts and commit mail fraud, fraud by wire, radio, or television and other common law crimes mentioned herein, in order to protect their criminal enterprise and profit personally from the criminal enterprise.

6.     Using concealed communications, upon information and belief, the Defendants planned, budgeted, organized, directed, staffed, budgeted, financed, coordinated, negotiated, arranged and managed their criminal enterprise, and laundered money.

7.     Defendants unlawfully withheld documents to which Plaintiff was entitled to under the FOIA and Pennsylvania RTKL laws.

## II. JURISDICTION AND VENUE

8.     This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under 18 U.S.C. §§ 1961-1968 (Racketeer Influenced and Corrupt

Organizations Act); This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(b).

9.      Jurisdiction is also proper pursuant to 18 U.S.C. § 1965, which allows for nationwide jurisdiction pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968.

10.      This Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367.

11.      This Court has jurisdiction over the claims against Defendant Schuylkill County Bar Association,[3] and all its members, in their official and individual capacities, pursuant to 28 U.S.C. § 1330 because Schuylkill County Bar Association is a subsidiary of a foreign state, see 28  U.S.C. § 1603(a), and is an "agency or instrumentality" of the state, 28 U.S.C. § 1603(b).

12.      Defendants and especially Defendant Schuylkill County Bar Association, and all its members, in their official and individual capacities, are not entitled to sovereign immunity because the Plaintiff's claims arise out of Defendant's trespass onto the Plaintiff's private residence, —a tortious act committed in the United States. See 28 U.S.C. § 1605(a)(5).  In addition, Defendants committed the trespass in order to steal plaintiff's personal property, trade secrets and commit economic espionage, two forms of commercial activity undertaken in and directly affecting the United States. See id. § 1605(a)(2).

13.      The Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the financial crimes giving rise to the claims occurred and continue to occur in the Judicial District of this Court.

---

[3] Link here: https://www.pabar.org/CountyDir/index.asp?county=6

14.     The Venue is also proper for the claims arising under RICO pursuant to 18 U.S.C.

§ 1965(a) because Defendants have agents, or transact affairs in the Judicial District of this

Court.

## III. THE PARTIES

15.     Plaintiff Edward Thomas Kennedy is an adult citizen and resident of Breinigsville,

Pennsylvania, and of full age.  Plaintiff holds a Master of Business Administration degree (MBA)

from the University of Notre Dame Graduate School of Business, Notre Dame, Indiana (1977),

now Mendoza College of Business.[4]  Plaintiff is a Papal Knight, Knights Hospitaller Order, since

2008, and an ordained Roman Catholic Priest (2013).

16.     Plaintiff seeks to promote openness and transparency in the public interest within

the Borough of Minersville, and Schuylkill County Bar Association, government and

governmental actions for the benefit of the American people and citizens.

17.     Plaintiff initially signed and requested, pursuant to FOIA and RTKL, the records

set forth with regard to the FOIA and RTKL requests at issue here.

18.     In particular, the individual Defendants have withheld documents from the

Plaintiff to which the Plaintiff is entitled to by law under FOIA and RTKL concerning the invoice

for costs of the June 2, 2017, trespass at Plaintiff's residence and Plaintiff's kidnapping by

Defendant's agents, emails, Borough of Minersville contracts, oaths of office, elections records,

election financial disclosures, Commissions, full legal names, money laundering, and

international and interstate financial practices such as prison bonds, financial statements and

---

[4] link here: https://mendoza.nd.edu/programs/mba-programs/

balance sheets, and bonds issued by the Defendants and purchased by Defendant Federal Reserve Bank of New York.

19.     The Plaintiff's injuries include physical injury, abuse, and stress while a prisoner in two prisons, the deprivation of his legal rights and legally protected vested property rights, are proximately related to the illegal conduct of Defendants, each and every one of them, jointly and severally.

20.     Defendant Federal Reserve Bank of New York ("FRBNY") serves the entire nation and is the crown jewel of the Federal Reserve Bank, a private corporation.  FRBNY knowingly or unknowingly finances Defendant Borough of Minersville by purchasing its bonds and providing credit, transaction clearing, and other financial services.

21.     Defendant Ronald D. Castille (born March 16, 1944) is a professional politician, and worked at the Supreme Court of Pennsylvania from 1994 to 2014 and was job titled as Chief Justice of Pennsylvania from 2008 to 2014. He resigned from this court in 2014 after reaching the mandatory retirement age of 70.  Castile was the District Attorney of the City of Philadelphia from 1986 until 1991 and is a member of the Republican Party. Defendant Castille acted in all events relevant herein as an individual operating a criminal enterprise. He is a citizen of the United States. Castille is sued in his official and individual capacities.

22.     Defendant Joshua David Shapiro is Pennsylvania Attorney General and acted in all events relevant herein as an individual operating a criminal enterprise. Shapiro replaced Kathleen Granahan Kane as Pennsylvania Attorney General. Shapiro is a resident of Pennsylvania. Shapiro is sued in his official and individual capacities.

23.    Defendant Albert Joseph Evans is job titled "Solicitor" and is employed by Defendant Borough of Minersville, and is an individual member of the Defendant Schuylkill County Bar Association. Evans is acting in all events relevant herein as an individual operating a criminal enterprise. Evans is a resident of Pennsylvania. Evans is sued in his official and individual capacities.

24.    Defendant Fanelli, Evans & Patel, P.C., is a professional corporation, Pennsylvania Corporation entity corporation number 748433. Defendant Albert Joseph Evans is named as Vice President with the name Albert J. Evans as Vice President. [5]

25.    Defendant David A. Plachko holds two public offices and is sued here as both a Notary Public for profit and as a local/municipal magistrate. Plachko is acting in all events relevant herein as an individual operating a criminal enterprise. Plachko is a resident of Pennsylvania. Plachko is sued in his official and individual capacities.

26.    Defendant Martin Joseph Cerullo is the Attorney employed by the Defendant Borough of Minersville concerning financial instruments and/or bonds and is a member of the Defendant Schuylkill County Bar Association. Cerullo is a resident of Pennsylvania. Cerullo is sued in his official and individual capacities.

27.    Defendant Cerullo, Datte & Burke, P.C., is a professional corporation, Pennsylvania Corporation entity corporation number 2608742. Defendant Martin Joseph Cerullo is named as President with the name Martin J. Cerullo as President. [6]

---

[5] " The Lawyers Who Get Results" is the advertising message of the Defendant, possible false advertising.
[6] Source: Pennsylvania Secretary of State website.

28.     Defendant Richard Charles Clink is Patrolman, Borough of Minersville Minersville Police Department.  Defendant Richard Charles Clink is acting in all events relevant herein as an individual operating a criminal enterprise. Clink is a resident of Pennsylvania. Clink is sued in his official and individual capacities.

29.     Defendant Michael Andrew O'Pake, also known as Michael A. O'Pake, is acting in all events relevant herein as an individual operating a criminal enterprise. Defendant Michael A. O'Pake does not use his full legal name in public office. O'Pake is a resident of Pennsylvania. O' Pake is sued in his official and individual capacities.

30.     Defendants O'Pake, Castille, Saylor, Shapiro, Plachko, Patton, and Clink, are not entitled to sovereign immunity because the Plaintiff's claims arise out of all individual's Defendant's trespass on to plaintiff's computers and residence—tortious acts committed in the United States. See 28 U.S.C. § 1605(a)(5) and other tortious acts committed in the United States.

31.     Defendant Borough of Minersville is located in the Commonwealth of Pennsylvania. It is a municipal corporation, and the public employer of Defendant Clink, and employs Defendants Robert Benjamin Patton, Evans, and Cerullo and Defendants Fanelli, Evans, & Patel, P.C., and Cerullo, Datte & Burke, P.C. for services.

32.     Defendant Thomas G. Saylor (born December 14, 1946) is a professional politician and holds the job title of Chief Justice of Pennsylvania. He is a member of the Republican Party. Prior to his election to the Supreme Court,  Defendant Saylor worked as a prosecutor in Somerset County from 1972 to 1982. Unlike Defendant Castille, Saylor did not retire at age 70. Defendant Saylor acted in all events relevant herein as an individual operating a

criminal enterprise. He is a resident of Pennsylvania. Saylor is sued in his official and individual capacities.

33.    Defendant O'Pake is also a member of the Pennsylvania District Attorneys Association, a corporation that conceals and hides its true identity behind a private membership association, in support of the criminal enterprise.

34.    Defendant David G. Argall is a professional, politician under U.S. jurisdiction, and legislator under U.S. Jurisdiction. Argall is employed as a public official with the job title of Senator. Defendant Argall is acting in all events relevant herein as an individual operating a criminal enterprise. Argall resides in Pennsylvania. and is Republican Party member. [7][8] Argall is sued in his official and individual capacities. [9]

35.    Defendant Schuylkill County Bar Association is a subsidiary of the Pennsylvania Bar Association, which is a subsidiary of the American Bar Association, which is a subsidiary of the International Bar Association, located at London, England, United Kingdom. The International Bar Association[10] reports to the Temple Bar, which is an agency and/or subsidiary corporation of the nation-state of England, United Kingdom, European Union. [11]

36.    The Schuylkill County Bar Association is a private membership association that requires and/or mandates its members relinquish their first amendment rights in order to practice law and in order to keep and retain membership in their private membership association.

---

[7] The Republican Party is not a party in this case at this time and is a 527-organization and the 527 group is a type of U.S. tax-exempt organizations organized under Section 527 of the U.S. Internal Revenue Code (26 U.S.C. § 527). A 527 group is created primarily to influence the selection, nomination, election, appointment or defeat of candidates to federal, state or local public office. Link at: http://www.senatorargall.com/

[8] The term party is defined by and used in 52 U.S.C. § 30101,

[9] Argall refused to disclose his middle name to the Plaintiff.

[10] See https://en.wikipedia.org/wiki/International_Bar_Association for backgound facts.

[11] See Emer de Vattel, The Law of Nations, Or, Principles of the Law of Nature, Applied to the Conduct and Affairs of Nations and Sovereigns, [1797]

37.     Individual members of Defendant Schuylkill County Bar Association pay membership dues and comply with association Bylaws. These Bylaws are not disclosed to the public, in support of the criminal enterprise.

38.     Defendant Schuylkill County Bar Association, and all its members, in their official and individual capacities, is a corporation and is an illegal monopoly[12] that restricts legal services trade.  Schuylkill County Bar Association members are sued in their official and individual capacities.

39.     Defendant Kathleen Granahan Kane is a past Pennsylvania Attorney General and acted in all events relevant herein as an individual operating a criminal enterprise. Kane resides in Pennsylvania. Kane is sued in her official and individual capacities.

40.     Defendant Robert Benjamin Patton is a licensed Pennsylvania Accountant and acted in all events relevant herein as an individual operating a criminal enterprise. Patton is a resident of Pennsylvania. Patton is sued in his official and individual capacities.

## IV. FACTS COMMON TO ALL COUNTS

41.     Each government-official Defendant, through the government official's own individual actions, has violated the United States Constitution. These Defendants include Saylor, Castille, Kane, Shapiro, Evans, Plachko, Clink, and O'Pake. These Defendants took oaths and promised to tell the truth, and not mislead, misconstrue, misrepresent or put false information into a Court of law, official, public records and financial instruments.

42.     Each government-official Defendant, through the official's own individual actions, has violated the United States Constitution with criminal intent.

---

[12] The Sherman Antitrust Act (Sherman Act, 26 Stat. 209, 15 U.S.C. §§ 1–7) n law") passed by Congress in 1890.

43.    Zerohedge.com reports "Almost 2/3 Of Americans Have Given Up On Political Parties, Citing Corruption In Government."[13]

44.    Pennsylvania gets F grade in 2015 State Integrity Investigation and is an entrenched culture of malfeasance,[14] according to Public Integrity research.

45.    In his Affidavit of Probable Cause, Defendant Clink lied under oath and filed fake, false documents on January 5, 2017, under oath into a Court of Law with criminal intent, in support of the criminal enterprise.

46.    In his Police Criminal Complaint Commonwealth of Pennsylvania, Defendant Clink filed on January 10, 2017, under oath, into a Court of Law, that this Plaintiff, Kennedy, lives at 1866 Leithsville Road, Hellertown Pennsylvania 18055. This is and was a lie.

47.    Magisterial District Judge 21-3-01, David A. Plachko took an oath to tell the truth and not to misconstrue, misrepresent and/or put false information into courts of law and in the public record under oath. Defendant Plachko changed his name from David A Plachko to David Plachko, prima facie evidence that this public official lie under oath in a court of law, and violates his oath of office and oath as a Notary Public for profit.[15]

48.    On March 7, 2017, Defendant David A. Plachko lied under oath in a Court of Law in case Pennsylvania Court of Common Pleas Docket Number MJ 21301-CR-0000016-2017.

---

[13] Link here:
https://www.zerohedge.com/news/2018-04-30/almost-23-americans-have-given-political-parties-citing-corruption-government
[14] Link here:
https://www.publicintegrity.org/2015/11/09/18507/pennsylvania-gets-f-grade-2015-state-integrity-investigation

[15] Elected, Public officials like Plachko wh lie under oath have no sovereign immunity.

49.    Government-official Defendants were elected to political office in a simulated legal process done in fraud by using a legal fiction name to hide the identity of their full legal names.

50.    Defendant Plachko was accused of criminal assault after a high school basketball game, when David A. Plachko, a referee in the contest, reportedly attacked a Williams Valley parent outside of Martz Hall, Pottsville, Pennsylvania,[16] but never prosecuted or charged, in defense of the criminal enterprise.

51.    Government-official Defendants are usurpers who knowingly violate the U.S. Constitution by signing legal documents in fake names. [17]

52.    From January 5, 2017 through January 11, 2018, official Court records from Defendant Borough of Minersville Police Department and Defendant Clink against the Plaintiff herein, were changed, altered and/or hidden by Defendant Clink and Plachko and others in order to falsely arrest, falsely imprison and falsely prosecute Edward Thomas Kennedy, in order to steal his property.

53.    Docket Number MJ 21301-CR-0000016-2017, which changed to CR-404-2017 was dismissed with prejudice by the President Judge of the Court on January 30, 2018.[18]

54.    There is no victim or victims identified of any crime or crimes in Affidavit of Probable Cause, alleged by Defendant Clink.  Clink had no probable cause, named no victims in his Affidavit of Probable Cause, and provided no testimony from victims. Clink had the wrong

---

16
https://clarkereport.wordpress.com/2009/02/19/district-justice-assaults-parent-after-basketball-game/
17 Government-official Defendants also violate Pennsylvania Laws of Public Integrity relative to Abuse of Office and the Ethics Code.
18 Under the United States Supreme Court case of Brady v. Maryland (1963), Defendants O'Pake and Shapiro failed and/or refused to disclose this case, in support of the criminal enterprise.

person and the wrong address of the Plaintiff.

55.    With malice, Defendants gamed the legal and monetary processes of the United States jurisdiction and laws, comprised the Justice System, by telling lies under oath in order to cover up the theft of Plaintiff's property, in support of the criminal enterprise.

56.    Under Pennsylvania Law, Rule 1035.4 Affidavits, states "Affidavits shall be made on personal knowledge." Defendant Clink demonstrated no personal knowledge in his Affidavit of Probable Cause against Plaintiff Kennedy in a criminal case, in support of the criminal enterprise.

57.    Defendant Patton lied under oath when he falsely certified Defendant Borough of Minersville financial statements complied with generally accepted accounting principles and with U.S. law, in support of the criminal enterprise.

58.    Each government-official Defendant, through the official's own individual actions, has violated the United States Constitution, and are gaming justice for personal gain in big salaries, big benefits and big pensions, in support of the criminal enterprise.

59.    Each government-official Defendant, through the official's own individual actions, has violated the U.S. Constitution, and are gaming justice for personal gain by issuing financial instruments and prison bonds, in support of the criminal enterprise.

60.    Defendants have misappropriated – that is, stolen – the documents which are U.S. Government property under relevant records management and archive laws governing the U.S. Government.

61.     Defendants County Saylor, Shapiro, and Toomey took oaths, to tell the truth, and not mislead, misconstrue, misrepresent and/or put false information into either official public records or courts of law.

62.     Defendants have misappropriated – that is, stolen – the documents which are Commonwealth of Pennsylvania property under relevant records management and archive laws governing Commonwealth of Pennsylvania officials.

63.     Defendants have misappropriated – that is, stolen – the documents which the Plaintiff is entitled to as a vested property right and property pursuant to FOIA and RTLK laws.

64.     Plaintiff filed RTKL requests for records and was repeatedly denied, an obstruction of justice, especially obstructed by Saylor, O'Pake, Shapiro, and Borough of Minersville, in support of the criminal enterprise.

65.     Compliance with FOIA and RTKL was harmed and corrupted by the RICO Enterprise. Defendants did not comply with RTKL requests. Defendants concealed public records on a private server or a server hidden from the Plaintiff's RTKL requests.

66.     Defendants have a legal obligation to keep, preserve, and disclose official records. Withholding of Public Records by Defendants is motivated by a corrupt enterprise.

67.     Defendant Toomey denied Plaintiff's request for the written transcript (paper copy) of the public testimony and records from the recent, public testimony of Mark Zuckerberg, founder and Chief Executive Officer of Facebook, Inc, headquartered San Mateo County, California at the U.S. Senate in Washington, DC, in defense of the criminal enterprises.

68.     Defendant Saylor ignored Plaintiff's formal written complaints to him by the Plaintiff concerning civil rights violations by five Pennsylvania Bar Attorneys (to a speedy trial, etc.) in support of the criminal enterprise.[19]

69.     Government-official Defendants know the rules but do not play by the rules. Government-official Defendants lied under oath and filed false records and fake evidence into courts of law, in support of the criminal enterprise.

70.     Individual Defendants are corrupt public officials, engaged in a criminal enterprise, and have no sovereign immunity. (Only God is sovereign.) [20]

71.     Defendant Saylor ignored Plaintiff's letters requesting an investigation into official corruption by five County of Schuylkill Prosecuting Attorneys.

72.     Schuylkill County Bar members take oaths to tell the truth, and not to put fake, false documents into Courts of law or into the official public record.

73.     Individual Government-official Defendants violated Plaintiff's civil rights, violated the United States Constitution, fabricated evidence, issued false Bench Warrants, and changed and altered court documents from September 2016 to January 30, 2018, causing damages and injuries to the Plaintiff, in order to steal Plaintiff's personal property, in support of the criminal enterprise.

74.     United States law 6 CFR 37.3 under the full legal name is as follows: Full legal name means an individual's first name, middle name(s), and last name or surname, without the use of initials or nicknames.[21]

---

[19] Five Pennsylvania Attorneys also violated Pennsylvania rules of professional conduct for prosecuting attorneys, a fact Defendant Saylor choose to ignore, in violation of his oath of office, in support of the criminal enterprise.
[20] See Apostolic Letter Issued Motu Proprio On the Jurisdiction of Judicial Authorities of Vatican City State in Criminal Matters.
[21] See https://www.law.cornell.edu/cfr/text/6/37.3

75.    Upon information and belief, Plaintiff states there is no legislative foundation for Defendants Saylor, Castille, Kane, Shapiro, O'Pake, and Schuylkill County Bar Association members to practice law.

76.    Upon information and belief, Plaintiff states no individual Defendant office holder in this case has a lawful oath of office [22] and therefore lied to the public in order to become an elected public official, in support of the criminal enterprise.

77.    Agents for Defendant Borough of Minersville violated Plaintiff's rights under the Fourth Amendment on June 2, 2017, at 401 Tillage Rd., Breinigsville, PA 18031.

78.    Defendants Borough of Minersville, Clink and Plachko have no legal authority to execute false bench warrants, and no authority to lie in a court of law. Clink and Plachko lied and their lies caused the Plaintiff injuries and damages.

79.    The Oath of office is a quid pro quo contract cf [U.S. Const. Art. 6, Clauses 2 and 3, Davis vs. Lawyers Surety Corporation., 459 S.W. 2nd. 655, 657., Tex. Civ. App.] in which clerks, officials, or officers of the government pledge to perform (Support and uphold the United States and state Constitutions) in return for substance (wages, perks, benefits). Proponents are subjected to the penalties and remedies for Breach of Contract, Conspiracy cf [Title 18 U.S.C., Sections 241, 242], Treason under the Constitution at Article 3, Section 3., and Intrinsic Fraud cf [Auerbach v Samuels, 10 Utah 2nd. 152, 349 P. 2nd. 1112,1114. Alleghany Corp v Kirby., D.C.N.Y. 218 F. Supp. 164, 183., and Keeton Packing Co. v State., 437 S.W. 20, 28].

80.    Government-official Defendants breached their oath contracts.

---

[22] See that In 1957, the United States Supreme Court ruled that, under the Federal Rules of Civil Procedure, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). On May 21, 2007, the Supreme Court decided that "this famous observation has earned its retirement." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007).

81.    Government-official Defendants violated Plaintiff's statutory right to obtain records and documents under the Pennsylvania Right to Know Law, Act of Feb. 14, 2008, P.L. 6, No. 3 from January 1, 2006, to April 30, 2018.

82.    Government-official Defendants including Defendant Toomey violated their oaths of office by refusing to provide the Plaintiff with a copy of their signed, oaths of office.

83.    Defendant Borough of Minersville conspired with Defendants Saylor, Castille, Kane, Shapiro and O'Pake to violate Plaintiff's rights and cause injury and damages by sharing Plaintiff's private information.

84.    Defendant Borough of Minersville conspired with Defendants Shapiro and O'Pake to violate Plaintiff's rights and cause injury and damages by causing physical and mental harmed to the Plaintiff in two prisons.

85.    Defendant Borough of Minersville conspired with Defendants Shapiro and O'Pake to violate Plaintiff's rights and cause injury and damages by causing physical and mental harmed to the Plaintiff by excessive violence, being kidnapped, imprisoned and then transported across two distinct county jurisdictions.

86.    Plaintiff suffered life-shattering events and was charged with crimes without being arraigned and without a hearing by Individual Defendants,, in violation of the U.S. Constitution, in support of the criminal enterprise.

87.    Individual Defendants Plachko, Kane, Saylor, Castille, Shapiro, O'Pake and Toomey have no lawful signatures in their application and financial disclosures for elected, public offices.

88.    Defendants Plachko, O'Pake, Saylor, Shapiro, and Toomey and individual members of the Borough of Minersville Counsel took oaths of office and promised to tell the truth, and not mislead, misconstrue, misrepresent or put false information into a Court of law or official, public records.

89.    Defendants Plachko, O'Pake, Kane, Saylor, Shapiro, and Toomey and individual members of Borough of Minersville Counsel do not use their full legal names in public records.

90.    Individual Defendants Plachko, O'Pake, Kane, Saylor, Castille, Shapiro, and Toomey told lies under oath in order to hide the criminal enterprise.

91.    It is the policy and custom of official records for Defendants Borough of Minersville and Defendants to violate The Laws of the United States  6 CFR 37.3, definition of the legal name, in order to hide and cover up their criminal enterprise.

92.    It is the policy and custom for Defendants County Saylor, Shapiro, and Toomey to violate the Laws of the United States  6 CFR 37.3, definition of the legal name, in order to hide and cover up the criminal enterprise.

93.    It is the policy and custom for government-official Defendants to violate an Act to regulate the Time and Manner of administering certain Oaths, specifically 1 Stat. 23,  which was the first law passed by the United States Congress after the ratification of the U.S. Constitution.[23]

---

[23] Chapter  Ⅰ .—An Act to regulate the Time and Manner of administering certain Oaths. Constitution of the U.S. article 6, page 19.Sec. 1. Be it enacted by the Senate and [House of] Representatives of the United States of America in Congress assembled, That the oath or affirmation required by the sixth article of the Constitution of the United States, shall be administered in the form following,Form of the oath or affirmation to support the Constitution of the United States, to be administered to the members of the Senate and to the members of the House of Representatives. to wit: "I, A. B. do solemnly swear or affirm (as the case may be) that I will support the Constitution of the United States." The said oath or affirmation shall be administered within three days after the passing of this act, by any one member of the Senate, to the President of the Senate, and by him to all the members and to the secretary; and by the Speaker of the House of Representatives, to all the members who have not taken a similar oath, by virtue of a particular resolution of the said House, and to the clerk: and in case of the absence of any member from the service of either House, at the time prescribed for taking the said oath or affirmation, the same shall be administered to such member,

## **The RICO Enterprise**

94.    For any Racketeer Influenced and Corrupt Organization case, it is important to

---

when he shall appear to take his seat.

Manner of administering the oath or affirmation to Speaker of the House of Representatives.Sec. 2. And be it further enacted, That at the first session of Congress after every general election of Representatives, the oath or affirmation aforesaid, shall be administered by any one member of the House of Representatives to the Speaker; and by him to all the members present, and to the clerk, previous to entering on any other business; and to the members who shall afterwards appear, previous to taking their seats. The President of the Senate for the time being, shall also administer to each Senator. the said oath or affirmation to each Senator who shall hereafter be elected, previous to his taking his seat: and in any future case of a President of the Senate, who shall not have taken the said oath or affirmation, the same shall be administered to him by any one of the members of the Senate.

To the members of the several State Legislatures, and to all executive and judicial officers of the States.Sec. 3. And be it further enacted, That the members of the several State legislatures, at the next sessions of the said legislatures, respectively, and all executive and judicial officers of the several States, who have been heretofore chosen or appointed, or who shall be chosen or appointed before the first day of August next, and who shall then be in office, shall, within one month thereafter, take the same oath or affirmation, except where they shall have taken it before; which may be administered by any person authorized by the law of the State,By whom the oaths or affirmations shall be administered in the several States. in which such office shall be holden, to administer oaths. And the members of the several State legislatures, and all executive and judicial officers of the several States, who shall be chosen or appointed after the said first day of August, shall, before they proceed to execute the duties of their respective offices, take the foregoing oath or affirmation, which shall be administered by the person or persons, who by the law of the State shall be authorized to administer the oath of office; and the person or persons so administering the oath hereby required to be taken, shall cause a record or certificate thereof to be made, in the same manner, as, by the law of the State, he or they shall be directed to record or certify the oath of office.

Sec. 4. And be it further enacted,To all officers of the U. States appointed, or to be appointed, before they act. That all officers appointed, or hereafter to be appointed under the authority of the United States, shall, before they act in their respective offices, take the same oath or affirmation, which shall be administered by the person or persons who shall be authorized by law to administer to such officers their respective oaths of office; and such officers shall incur the same penalties in case of failure, as shall be imposed by law in case of failure in taking their respective oaths of office.

Sec. 5. And be it further enacted, Oath of secretary of the Senate and clerk of the House of Representatives. That the secretary of the Senate, and the clerk of the House of Representatives for the time being, shall, at the time of taking the oath or affirmation aforesaid, each take an oath or affirmation in the words following, to wit: "I, A. B. secretary of the Senate, or clerk of the House of Representatives (as the case may be) of the United States of America, do solemnly swear or affirm, that I will truly and faithfully discharge the duties of my said office, to the best of my knowledge and abilities."

Approved, June 1, 1789.

distinguish between legitimate organizations, businesses, and government offices and the abuse of those entities for illegal purposes by the unofficial, corrupt "enterprise."

95.    This pattern of illegal activities committed by the Defendants, the "Predicate Acts," discussed below, were done with the purpose of financial gain and were done within the past ten (10) years and continuing.

96.    By the acts alleged herein, Defendants, each and every one of them, jointly and severally, have aided and abetted and conspired to violate FOIA and RTKL laws, through their ongoing criminal enterprise as set forth herein.

97.    The law presumes generally that a person intends the obvious results of their actions.

### Predicate Criminal Acts of Anticipatory Obstruction of Justice

98.    Defendants could be charged and convicted of multiple, related violations of law which form a pattern and which violations are each potentially punishable by more than one year in jail constituting spoliation of evidence to avoid a subpoena.

99.    Sometimes called "anticipatory obstruction of justice," 18 U.S.C. § 1519 requires that: Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be fined under this title, imprisoned not more than 20 years, or both.

100.    The Justice Department manual advises that Section 1519 makes prosecution much easier because it covers "any matters" or "'in relation to or contemplation of' any matters." It adds, "No corrupt persuasion is required."

### Predicate Criminal Acts of Conspiracy to Conceal and Remove Official Records

101.    Defendants could be charged and convicted of multiple, related violations of law which form a pattern and which violations are each potentially punishable by more than one year in jail constituting concealment, removal, or destructions – or attempts to do so – of public records.

102.    18 U.S. Code § 2071 requires: (a) Whoever willfully and unlawfully conceals, removes, mutilates, obliterates, or destroys, or attempts to do so, or, with intent to do so takes and carries away any record, proceeding, map, book, paper, document, or other thing, filed or deposited with any clerk or officer of any court of the United States, or in any public office, or with any judicial or public officer of the United States, shall be fined under this title or imprisoned not more than three years, or both. (b) Whoever, having the custody of any such record, proceeding, map, book, document, paper, or other thing, willfully and unlawfully conceals, removes, mutilates, obliterates, falsifies, or destroys the same, shall be fined under this title or imprisoned not more than three years, or both; and shall forfeit his office and be disqualified from holding any office under the United States.

103.    Defendants could be charged and convicted of multiple, related violations of law which form a pattern and practice and which violations are each potentially punishable by more than one year in jail constituting of conspiracy to defraud the United States.

104.    18 U.S.C. § 371 provides: If two or more persons conspire either to commit any offense against the United States or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

### Predicate Criminal Violations of Federal Mail Fraud Statute, 18 U.S.C. § 1341

105.    Under 18 U.S.C. § 1341, the Defendants could be charged and convicted of multiple, related violations of law which form a pattern and practice and which violations are each potentially punishable by more than one year in jail constituting mail fraud.

106.    The individual Defendants, acted in criminal violation of the federal mail fraud statute under 18 U.S.C. § 1341 and "anticipatory obstruction of justice," 18 U.S.C. § 1519.

107.    18 U.S.C. § 1341 provides:

a. Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any  office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the al Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation occurs in relation to, or involving any benefit authorized, transported, transmitted, transferred, disbursed, or paid in connection with, a presidentially declared major disaster or emergency (as those terms are defined in section 102 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. 5122)), or affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more.

### Predicate Criminal Acts of False Statements

108.    The Defendants could be charged and convicted of multiple, related violations of law which form a pattern and practice and which violations are each potentially punishable by more than one year in jail constituting false statements to officials of the U.S. Government in violation of 18 U.S.C. § 1001.

109.    This statute, 18 U.S.C. § 1001, provides: (a) except as otherwise provided in this section, whoever, in any manner within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully – (1) falsifies, conceals, or covers up by any trick scheme, or device a material fact; (2) makes any materially false, fictitious, or fraudulent statement or representation; or (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry shall be fined under this title, imprisoned not more than 5 years or, if the offense involves international or domestic terrorism (as defined in section 2331), imprisoned not more than 8 years, or both.

### Human Declaration of Human Rights

110.    In 1947 and 1948, the American Bar Association agreed at the United Nations Headquarters in the jurisdiction of this U.S. District Court in Manhattan, New York City, and promised under sacred contract to Eleanor Roosevelt,[24] on behalf of its private membership association members, including the Pennsylvania Bar Association and Defendant Schuylkill County Bar Association under United States jurisdiction, to unconditionally comply with the Universal Declaration of Human Rights. [25]

---

[24] Anna Eleanor Roosevelt (October 11, 1884 – November 7, 1962) served as the First Lady of the United States from March 1933 to April 1945 during her husband President Franklin D. Roosevelt's four terms in office, making her the longest serving First Lady of the United States. Roosevelt served as United States Delegate to the United Nations General Assembly from 1945 to 1952.
[25] http://www.un.org/en/udhrbook/pdf/udhr_booklet_en_web.pdf

111.    For the past 70 years the American Bar Association and its subsidiary corporation, Defendant Schuylkill County Bar Association lied and has not kept its promises and the contract made with Eleanor Roosevelt, this Kennedy, (the Plaintiff herein), and all citizens of the United States and the planet.

**CAUSES OF ACTION**

**COUNT I**

***Misappropriation of Chattel Property (Common law crime)***
***(AGAINST ALL DEFENDANTS)***

112.    Plaintiff realleges and incorporates by reference all prior paragraphs of this Complaint and paragraphs in the counts below as though set forth fully herein.

113.    Pursuant to Pennsylvania RTKL and FOIA as a federal law, the Plaintiff has a vested property right to a copy of the records responsive to Plaintiff's RTKL requests.

114.    Plaintiff was deprived of the records as personal property (chattel) to which Plaintiff is entitled and Plaintiff stole Plaintiffs personal property.

115.    The Defendants have misappropriated the personal property (chattel) of Plaintiff, with the intent to permanently deprive the Plaintiff and other information requestors of access to the documents which the RTKL entitles them to receive.

**COUNT II**

***Acquisition and Maintenance of an Interest in and Control of***
***an Enterprise Engaged in a Pattern of Racketeering Activity:***
***18 U.S.C. §§ 1961(5), 1962(b)***
***(AGAINST ALL DEFENDANTS)***

116.    Plaintiff realleges and incorporates by reference all prior paragraphs of this

Complaint and paragraphs in the counts below as though set forth fully herein.

117.    During the ten (10) calendar years preceding May 7, 2018, Defendants did cooperate jointly and severally in the commission of two (2) or more of the RICO predicate acts that are itemized in the RICO laws at 18 U.S.C. §§ 1961(1)(A) and (B), and did so in violation of the RICO law at 18 U.S.C. § 1962(b) (prohibited activities).

118.    Non-sovereign Defendants are each "persons" within the meaning of the Racketeer Influenced and Corrupt Organizations Act.

119.    Defendants operate as an "enterprise" within the meaning of RICO, the activities of which impacts interstate and foreign commerce.

120.    By virtue of the predicate acts described in this Complaint, including without limitations: theft of personal property, kidnapping, mail and wire fraud, extortion, obstruction of justice, laundering of monetary instruments, engaging in monetary transactions improperly derived from unlawful activity, Defendants transferred, received, furthered and supplied financing and income that was derived, both directly and indirectly, from a pattern of racketeering activity in which each of them participated as a principal and used and invested, both directly and indirectly, such income and the proceeds of such income, in establishing, operating and furthering other illegal enterprises in violation of 18 U.S.C. § 1962(a).

121.    As a direct and proximate result of Defendants' violation of 18 U.S.C. § 1962(a), Plaintiff suffered the loss of valuable property, financial services and support, and suffered other physical, mental, business and pecuniary damages.

122.    Plaintiff further alleges that all Defendants did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, i.e. a continuing threat of their respective racketeering activities, also in

violation of the RICO law at 18 U.S.C. § 1962(b) supra.

123.   18 U.S.C. § 1964(c) defines "racketeering activity" as follows:

*(1) "racketeering activity" means
(A) any act or threat involving murder, kidnapping, gambling,
arson, robbery, bribery, extortion, dealing in obscene matter, or
dealing in a controlled substance or listed chemical (as defined in
section 102 of the Controlled Substances Act), which is chargeable
under State law and punishable by imprisonment for more than one
year;
(B) any act which is indictable under any of the following
provisions of title 18, United States Code: Section 201 (relating to
bribery), section 224 (relating to sports bribery), sections 471, 472,
and 473 (relating to counterfeiting), section 659 (relating to theft
from interstate shipment) if the act indictable under section 659 is
felonious, section 664 (relating to embezzlement from pension and
welfare funds), sections 891–894 (relating to extortionate credit
transactions), section 1028 (relating to fraud and related activity in
connection with identification documents), section 1029 (relating
to fraud and related activity in connection with access devices),
section 1084 (relating to the transmission of gambling
information), section 1341 (relating to mail fraud), section 1343
(relating to wire fraud), section 1344 (relating to financial
institution fraud), section 1351 (relating to fraud in foreign labor
contracting), section 1425 (relating to the procurement of
citizenship or nationalization unlawfully), section 1426 (relating to
the reproduction of naturalization or citizenship papers), section
1427 (relating to the sale of naturalization or citizenship papers),
sections 1461–1465 (relating to obscene matter), section 1503
(relating to obstruction of justice), section 1510 (relating to
obstruction of criminal investigations), section 1511 (relating to
the obstruction of State or local law enforcement), section 1512
(relating to tampering with a witness, victim, or an informant),
section 1513 (relating to retaliating against a witness, victim, or an
informant), section 1542 (relating to false statement in application
and use of passport), section 1543 (relating to forgery or false use
of passport), section 1544 (relating to misuse of passport), section
1546 (relating to fraud and misuse of visas, permits, and other
documents), sections 1581–1592 (relating to peonage, slavery, and
trafficking in persons)., [1] section 1951 (relating to interference
with commerce, robbery, or extortion), section 1952 (relating to
racketeering), section 1953 (relating to interstate transportation of
wagering paraphernalia), section 1954 (relating to unlawful*

*welfare fund payments), section 1955 (relating to the prohibition of illegal gambling businesses), section 1956 (relating to the laundering of monetary instruments), section 1957 (relating to engaging in monetary transactions in property derived from specified unlawful activity), section 1958 (relating to use of interstate commerce facilities in the commission of murder-for-hire), section 1960 (relating to illegal money transmitters), sections 2251, 2251A, 2252, and 2260 (relating to sexual exploitation of children), sections 2312 and 2313 (relating to interstate transportation of stolen motor vehicles), sections 2314 and 2315 (relating to interstate transportation of stolen property), section 2318 (relating to trafficking in counterfeit labels for phonorecords, computer programs or computer program documentation or packaging and copies of motion pictures or other audiovisual works), section 2319 (relating to criminal infringement of a copyright), section 2319A (relating to unauthorized fixation of and trafficking in sound recordings and music videos of live musical performances), section 2320 (relating to trafficking in goods or services bearing counterfeit marks), section 2321 (relating to trafficking in certain motor vehicles or motor vehicle parts), sections 2341–2346 (relating to trafficking in contraband cigarettes), sections 2421–24 (relating to white slave traffic), sections 175–178 (relating to biological weapons), sections 229–229F (relating to chemical weapons), section 831 (relating to nuclear materials),*
*(C) any act which is indictable under title 29, United States Code, section 186 (dealing with restrictions on payments and loans to labor organizations) or section 501 (c) (relating to embezzlement from union funds),*

*(D) any offense involving fraud connected with a case under title 11 (except a case under section 157 of this title), fraud in the sale of securities, or the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), punishable under any law of the United States,*
*(E) any act which is indictable under the Currency and Foreign Transactions Reporting Act,*
*(F) any act which is indictable under the Immigration and Nationality Act, section 274 (relating to bringing in and harboring certain aliens), section 277 (relating to aiding or assisting certain aliens to enter the United States), or section 278 (relating to importation of alien for immoral purpose) if the act indictable under such section of such Act was committed for the purpose of*

*financial gain, or*
*(G) any act that is indictable under any provision listed in section*
*2332b (g)(5)(B);*

124.    Plaintiff demands that judgment be entered against Defendants, each and every

one of them, jointly and severally, including an award of trebled damages as consistent with 18

U.S.C. § 1964(c), compensatory and actual damages, reasonable attorneys' fees, pre-judgment

interest, -interest, costs, and an award that this Court deems just and proper.

**COUNT III**
***Conduct and Participation in a RICO Enterprise through a Pattern of***
***Racketeering Activity: 18 U.S.C. §§ 1961(5), 1962(c)***
***(AGAINST ALL DEFENDANTS)***

125.    Plaintiff realleges and incorporates by reference all prior paragraphs of this

Complaint and paragraphs in the counts below as though set forth fully herein.

126.    All Defendants did associate with a RICO enterprise of individuals who were

associated in fact and who engaged in, and whose activities did affect, interstate and foreign

commerce.

127.    Likewise, all Defendants did conduct and/or participate, either directly or

indirectly, in the conduct of the affairs of said RICO enterprise through a pattern of racketeering

activity, all in violation of 18 U.S.C. §§ 1961(4), (5), (9), and 1962(c).

128.    During the ten (10) calendar years preceding May 7, 2018,  Defendants did

cooperate jointly and severally in the commission of two (2) or more of the RICO predicate acts

that are itemized in the RICO laws at 18 U.S.C. §§ 1961(1)(A) and (B), and did so in violation of

the RICO law at 18 U.S.C. § 1962(c) (prohibited activities).

129.    Plaintiff further alleges that all Defendants did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, i.e. a continuing threat of their respective racketeering activities, also in violation of the RICO law at 18 U.S.C. § 1962(c) supra.

130.    Plaintiff demands that judgment be entered against Defendants, each and every one of them, jointly and severally, including an award of trebled damages as consistent with 18 U.S.C. § 1964(c), compensatory and actual damages, reasonable attorneys' fees, pre-judgment interest, -interest, costs, and an award that this Court deems just and proper.

## COUNT IV
### *Conspiracy to Engage in a Pattern of Racketeering Activity:*
### *18 U.S.C. §§ 1961(5), 1962(d)*
### *(AGAINST ALL DEFENDANTS)*

131.    Plaintiff repeats and realleges each and every allegation of the foregoing paragraphs as if fully set forth herein.

132.    All Defendants did conspire to acquire and maintain an interest in a RICO enterprise engaged in a pattern of racketeering activity, in violation of 18 U.S.C. §§ 1962(b) and (d).

133.    During the ten (10) calendar years preceding May 7, 2018, all Defendants did cooperate jointly and severally in the commission of two (2) or more of the predicate acts that are itemized at 18 U.S.C. §§ 1961(1)(A) and (B), in violation of 18 U.S.C. § 1962(d).

134.    Plaintiffs further allege that all Defendants did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated

intentionally to threaten continuity, i.e. a continuing threat of their respective racketeering activities, also in violation of 18 U.S.C. § 1962(d) (prohibited activities).

135.    All Defendant's violations of the foregoing provisions caused Plaintiff injury. This injury includes, but is not limited to, injury resulting from harm to Plaintiff's person from the use of  excessive force, Defendant's theft of Plaintiff's personal property including his papers and computers, loss in the value of Plaintiff's trade secrets and business information, and harm to business as described above. Plaintiff is entitled to recover damages and the costs of suit under Va. Code Ann. § 18.2-152.12. Plaintiff also demands that judgment be entered against Defendants, each and every one of them, jointly and severally, including an award of trebled damages as consistent with 18 U.S.C. § 1964(c), compensatory and actual damages, reasonable attorneys' fees, pre-judgment interest, interest, costs, and an award that this Court deems just and proper.

## COUNT V
### *Conspiracy to Commit Trespass to Chattels (VIRGINIA COMMON LAW)*
### *(AGAINST ALL DEFENDANTS)*

136.    Plaintiff realleges and incorporates by reference all prior paragraphs of this Complaint and paragraphs in the counts below as though set forth fully herein.

137.    Defendants were part of a common scheme in which they conspired and combined to access without authorization the Defendant's computer systems to steal confidential information, publicly disseminate the stolen information, and use that stolen and publicly disclosed information for the common purpose of denigrating the Defendant these actions constituted an exercise of wrongful dominion over Plaintiff's computers and computer system

and private email accounts.

138.    Pursuant to, and in furtherance of, this common scheme, Defendants conspired to commit the unlawful acts described herein, including acts that constitute trespass.

139.    Pursuant to, and in furtherance of, this common scheme, each Defendant committed overt acts, including arranging meetings between the co-conspirators, encouraging and planning for the scheme to occur, stealing the Defendant's private, confidential, information, and releasing that information, without permission, to the public. These overt acts caused Plaintiff injury and damages, as discussed supra.

140.    All of the named Defendants aided and abetted in the unlawful acts described herein as part of and furtherance of a common scheme, and each of these Defendants knowingly and substantially assisted the common scheme and was generally aware of his role as part of an overall common scheme. Accordingly, the actions of Defendants constitute a conspiracy to trespass.

141.    As a result, Plaintiff has suffered a diminution in the value of his property, and is entitled to damages.

## COUNT VI
### *Computer Fraud and Abuse Act (18 U.S.C. § 1030(A))*
### *(AGAINST ALL DEFENDANTS)*

142.    Plaintiff realleges and incorporates by reference all prior paragraphs of this Complaint and paragraphs in the counts below as though set forth fully herein.

143.    Plaintiff's computers are involved in interstate and foreign commerce and

communication and are protected computers under 18 U.S.C. § 1030(e)(2).

144.    On information and belief, government-official Defendants knowingly

and intentionally accessed the Plaintiff's computers without authorization or in excess of

authorization, and thereby obtained and used valuable information from those computers in

violation of 18 U.S.C. § 1030(a)(2)(C). Such information included but was not limited to:

private, sensitive communications between the Plaintiff and stakeholders.

145.    Upon information and belief, government-official Defendants knowingly

caused the transmission of a program, information, code, or command, and as a result of such

conduct, intentionally caused damage without authorization to a protected computer, in violation

of 18 U.S.C. § 1030(a)(5)(A). Such transmission included but was not limited to, the use of

malware.

146.    Upon information and belief, Defendants government-official Defendants

intentionally accessed a protected computer or computers without authorization, and as a result

of such conduct, caused damage and loss, in violation of 18 U.S.C. § 1030(a)(5)(C), or recklessly

caused damage, in violation of 18 U.S.C. § 1030(a)(5)(B).

147.    Upon information and belief, government-official Defendants and with intent to

defraud trafficked passwords and similar information from the Plaintiff's computers, and such

trafficking affected interstate or foreign commerce in violation of 18 U.S.C. §1030(a)(6)(A).

148.    Government-official Defendants caused loss to one or more persons during

a one-year period aggregating well over $5,000 in value, and they also caused damage affecting ten or more protected computers during a one-year period.

149.    The Plaintiff suffered damage and loss as a consequence of government-official Defendant's actions, including but not limited to the cost of investigating and responding to the unauthorized access, and abuse of Plaintiff's computer networks, conducting damage assessments, restoring and replacing computers and data, programs, systems, or information, the loss of the value of the Plaintiff's trade secrets, and the harm to Plaintiff's business as described above. The Plaintiff seeks compensatory and other equitable relief under 18 U.S.C. § 1030(g).

## COUNT VII
### *RICO (18 U.S.C. § 1962(C))*
### *(AGAINST ALL DEFENDANTS)*

150.    Plaintiff realleges and incorporates by reference all prior paragraphs of this Complaint and paragraphs in the counts below as though set forth fully herein.

151.    Defendants are all "persons" within the meaning of 18 U.S.C. § 1961(3). At all relevant times, Defendants conducted the affairs of an Enterprise—which affected interstate and foreign commerce—through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(c).

152.    The Borough of Minersville was a Racketeering Enterprise, as that term is used in 18 U.S.C. § 1961(4). The Enterprise under a Charter was formed in 1831.

153.    The charter of Defendant Borough of Minersville infringes upon the rights, privileges and powers reserved and/or guaranteed to the Plaintiff by the Constitution of the United States of America.

154.    The Borough of Minersville had an ongoing organizational framework for

-34-

carrying out its objectives.

155.    As described above, each Defendant participated in the operation or management of the Enterprise.

156.    Because the Borough of Minersville expended dollars on the violation of Plaintiff's guaranteed rights, it affected interstate and foreign commerce.

157.    Each Defendant conducted and/or participated in the affairs of the Enterprise through a pattern of racketeering activity, including acts indictable under 18 U.S.C. § 1831 (economic espionage); and 18 U.S.C. § 1832 (theft of trade secrets).

158.    The Defendant Borough of Minersville directed, induced, urged, and/or encouraged Shapiro, Castille,Kane, Saylor, and Toomey to engage in this conduct stated herein and/or to provide with Plaintiff's s trade secrets, with the expectation that would disseminate those secrets and increase the Borough of Minersville chance of damaging and injuring the Plaintiff.

159.    As described above, each Defendant participated in the operation or management of the enterprise and benefited financially from the enterprise.

160.    Plaintiff has been injured in its business and property by Defendants' violation of 18 U.S.C. § 1962(c). Defendants caused enormous harm to Plaintiff's business, as described above, and to Plaintiff's computers and servers. All of these injuries occurred within the United States.

## COUNT VIII
### *Fraud by wire, radio, or television (18 U.S. Code § 1343)*
### *(AGAINST ALL THE DEFENDANTS)*

161.    Plaintiff realleges and incorporates by reference all prior paragraphs of this Complaint and paragraphs in the counts below as though set forth fully herein.

162.    18 U.S. Code § 1343 - Fraud by wire, radio, or television, STATES: Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both. If the violation occurs in relation to, or involving any benefit authorized, transported, transmitted, transferred, disbursed, or paid in connection with, a presidentially declared major disaster or emergency (as those terms are defined in section 102 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. 5122)), or affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.[26]

163.    Plaintiff has been injured in its business and property by Defendants' violation of 18 U.S.C. Section 1343 - Fraud by wire, radio, or television

164.    Defendants caused enormous harm to Plaintiff's business, as described above and herein and to Plaintiff's property, computers, data, and servers.

165.    All of these injuries occurred within the United States.

---

[26] Added July 16, 1952, ch. 879, § 18(a), 66 Stat. 722; amended July 11, 1956, ch. 561, 70 Stat. 523; Pub. L. 101–73, title IX, § 961(j), Aug. 9, 1989, 103 Stat. 500; Pub. L. 101–647, title XXV, § 2504(i), Nov. 29, 1990, 104 Stat. 4861; Pub. L. 103–322, title XXXIII, § 330016(1)(H), Sept. 13, 1994, 108 Stat. 2147; Pub. L. 107–204, title IX, § 903(b), July 30, 2002, 116 Stat. 805; Pub. L. 110–179, § 3, Jan. 7, 2008, 121 Stat. 2557.

## COUNT IX
### *Mail Fraud (18 U.S.C. Section 1341)*
### *(AGAINST ALL THE DEFENDANTS)*

166.     Plaintiff realleges and incorporates by reference all prior paragraphs of this

Complaint and paragraphs in the counts below as though set forth fully herein.

167.     There are two elements in mail fraud: (1) having devised or intending to devise a

scheme to defraud (or to perform specified fraudulent acts), and (2) use of the mail for the

purpose of executing, or attempting to execute, the scheme (or specified fraudulent acts)." See

*Schnuck v. United States*, 489 U.S. 705, 721 n. 10 (1989); *see also Pereira v. United States*, 347

U.S. 1, 8 (1954) ("The elements of the offense of mail fraud under . . . § 1341 are (1) a scheme

to defraud, and (2) the mailing of a letter, etc., for the purpose of executing the scheme."); Laura

A. Eilers & Harvey B. Silikovitz, *Mail and Wire Fraud*, 31 Am. Crim. L. Rev. 703, 704 (1994)

(cases cited). [27]

168.     Defendants committed mail fraud in support of the criminal enterprise in order to

keep and maintain personal financial gain.

169.     Defendants committed mail fraud in support of the criminal enterprise.

170.     Plaintiff has been injured in its business and property by the violation of

18 U.S.C. Section 1341—Mail Fraud by the Defendants.

171.     Defendants caused enormous harm to Plaintiff's business, as described above and

to Plaintiff's computers, data and servers.

---

[27] Right to Know Law responses (mostly denials to reply) sent by US Mail to the Plaintiff by the Defendants contained alias names and alias signatures and did not contain the Defendants full legal name signatures.

172.   All of these injuries occurred within the United States.

## COUNT X
### *RICO Conspiracy  (18 U.S.C. § 1962(D))*
### *(AGAINST ALL DEFENDANTS)*

173.   Plaintiff realleges and incorporates by reference all prior paragraphs of this Complaint and paragraphs in the counts below as though set forth fully herein.

174.   Defendants conspired with each other to violate 18 U.S.C. § 1962(d).

175.   Defendants knowingly agreed, combined, and conspired to conduct the affairs of the Enterprise or the through a cyber-espionage operation.

176.   Each Defendant agreed that the operation would involve repeated violations of 18 U.S.C. § 1831 (economic espionage); and 18 U.S.C. § 1832 (theft of trade secrets).

177.   Defendants' conspiracy to violate 18 U.S.C. § 1962(c) violated § 1962(d).

178.   Plaintiff has been injured in their business or property by Defendants' violation of 18 U.S.C. § 1962(d).

179.   Plaintiff has been injured in its business and property by Defendants' violation of 18 U.S.C. § 1962(c).

180.   Defendants caused enormous harm to Plaintiff's business, as described above, and to Plaintiff's computers and servers. All of these injuries occurred within the United States.

## COUNT XI
### *Trespass to Chattels (VIRGINIA COMMON LAW)*
### *(AGAINST ALL DEFENDANTS)*

181.   Plaintiff realleges and incorporates by reference all prior paragraphs of this

Complaint and paragraphs in the counts below as though set forth fully herein.

182.    Plaintiff has access and uses a private computer network, with computers and servers located in Breinigsville, Pennsylvania. This network and the information contained therein constitutes the property of Plaintiff.

183.    On or about June 2, 2017, Defendant's agents hacked into the Plaintiff's computers and network.

184.    On or about August 28, 2017, Defendant's agents separately hacked into the Plaintiff's computers and network. These hacks constituted two separate and independent trespasses in the United States. The hacks provided the Defendants with unauthorized access to Plaintiff's property in its network. At no point has anyone with authority to do so provided Defendants with authorization to access Plaintiff's computers, data, networks.

185.    Defendant's hacks interfered with Plaintiff's possessory interests in its network and the information contained therein. By means of trespass onto Plaintiff's network, Defendants acquired and disseminated confidential and personal information that is Plaintiff's property. Defendants would have been unable to disclose this information but for the illegal trespass. Defendants, therefore, deprived Plaintiff of its possessory interest in maintaining the privacy and confidentiality of its property. As a result, Plaintiff has suffered a diminution in the value of its property, and is entitled to damages.

## COUNT XII
### STORED WIRE AND ELECTRONIC COMMUNICATIONS AND TRANSACTIONAL RECORDS ACCESS [28]

---

[28] US Code  2011 US Code  Title 18 - Crimes and Criminal Procedure  Part I - CRIMES (§§ 1 - 2725)  Chapter 121 - STORED WIRE AND ELECTRONIC COMMUNICATIONS AND TRANSACTIONAL RECORDS ACCESS (§§ 2701 - 2712)

*(18 U.S.C. §§ 2701-12)*
*(AGAINST ALL DEFENDANTS)*

186.    Plaintiff realleges and incorporates by reference all prior paragraphs of this Complaint and paragraphs in the counts below as though set forth fully herein.

187.    Plaintiff is a "person" within the meaning of 18 U.S.C. §§ 2510(6) and 2707(a).

188.    Defendants willfully and intentionally accessed without authorization a facility through which an electronic communication service is provided, namely, Plaintiff's computer systems, including his email software, data and servers, thereby obtaining access to wire or electronic communications while they were in electronic storage in such systems, in violation of 18 U.S.C. § 2701(a).

189.    As a result of these willful and intentional violations, Plaintiff has suffered damages and, as provided for in 18 U.S.C. § 2707, see s an award of the greater of the actual damages suffered or the statutory damages; punitive damages; attorneys' fees and other costs of this action; and appropriate equitable relief.

## COUNT XIII
*DIGITAL MILLENNIUM COPYRIGHT ACT (17 U.S.C. § 1201 ET SEQ.)*
*(AGAINST BOROUGH OF MINERSVILLE)*

190.    Plaintiff realleges and incorporates by reference all prior paragraphs of this Complaint and paragraphs in the counts below as though set forth fully herein.

191.    Plaintiff's computer networks and files contained information subject to protection under the copyright laws of the United States, including secret business plans, strategy, and data that was illegally accessed without authorization by Borough of Minersville.

192.    Access to the private material contained on Plaintiff's computer, computer networks, and email was controlled by technological measures, including measures restricting remote access, firewalls, and measures restricting access to users with valid credentials and passwords.

193.    In violation of 17 U.S.C. § 1201(a), Defendant Borough of Minersville circumvented these technological measures by stealing credentials from authorized users, conducting a "password dump" to unlawfully obtain passwords to the system controlling access to the Plaintiff computer domains, and installing malware on Plaintiff's computer and computer systems.

194.    The conduct of Borough of Minersville caused Plaintiff significant damages. These damages include, but are not limited to, damage resulting from harm to Plaintiff's computers and servers, loss in the value of the Plaintiff's trade secrets and business information, and harm to business as described above. Plaintiff is entitled to the greater of its actual damages or statutory damages as provided by 17 U.S.C. § 1203, in an amount to be proven at trial.

195.    Plaintiff is entitled to an award of attorney's' fees and costs as provided by 17 U.S.C. § 1203.

## COUNT XIV
### *MISAPPROPRIATION OF TRADE SECRETS UNDER THE DEFEND TRADE SECRETS ACT (18 U.S.C. § 1836 ET SEQ.) (AGAINST ALL DEFENDANTS)*

196.    Plaintiff realleges and incorporates by reference all prior paragraphs of this Complaint and paragraphs in the counts below as though set forth fully herein.

197.    Government-official Defendants stole Plaintiff's computers and private papers,

notably on June 2, 1017, in support of the criminal enterprise.

198.    The documents stolen from the Plaintiff's computer systems by the Defendants include trade secrets within the meaning of 18 U.S.C. § 1839.

199.    Specifically, the Plaintiff is in the business of supporting high technology businesses and high technology research and the stolen documents included private research, competitive assessments, research, and strategic information regarding planned business activities that allow it to effectively carry out Plaintiff's work.

200.    The Plaintiff takes and has taken reasonable measures to keep such information secret. In particular, the Plaintiff maintains his information on computers and secured servers are password protected.

201.    Plaintiff's trade secrets were related to high technology products or services used in or intended for use in, interstate or foreign commerce.

202.    Defendants misappropriated Plaintiff's trade secrets.

203.    Defendants acquired Plaintiff's trade secrets knowing or having reason to now that the trade secrets were acquired by improper means.

204.    Defendants disclosed Plaintiff's trade secrets without consent, on multiple dates, discussed herein, knowing or having reason to know that the trade secrets were acquired by improper means.

205.    As a direct consequence of Defendants' misappropriation, Plaintiff has suffered damages for the cost of materials, loss of goodwill, and attorneys' fees and costs. Plaintiff is also

entitled to punitive damages. These damages include, but are not limited to, damage resulting from harm to Plaintiff's computers and servers, loss in the value of Plaintiff's trade secrets and business information, and harm to business as described above.

206.    Plaintiff is also entitled to a preliminary and permanent injunction pursuant to 18 U.S.C. § 1836(b)(3).

## COUNT XV
### *WASHINGTON D.C. UNIFORM TRADE SECRETS ACT (D.C. CODE ANN. §§ 36-401 – 46-410) (AGAINST ALL DEFENDANTS)*

207.    Plaintiff realleges and incorporates by reference all prior paragraphs of this Complaint and paragraphs in the counts below as though set forth fully herein.

208.    The District of Columbia expressly empowers a party to recover damages for misappropriation of a trade secret.

209.    The documents that Defendants exfiltrated from the Plaintiff's computer systems include trade secrets under District of Columbia law, as discussed above, and in keeping with the definition of trade secrets under District of Columbia law: information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (A) Derives actual or potential independent economic value, from not being generally known to, and not being readily ascertainable by, proper means by another who can obtain economic value from its disclosure or use; and (B) Is the subject of reasonable efforts to maintain its secrecy. D.C. Code Ann. § 36-401(2).

210.    This information derived an actual independent economic value by remaining confidential and private, and not being readily ascertainable to others. Plaintiff takes and has

taken reasonable measures to keep such information secret, as discussed supra.

211.    Each Defendant disclosed, received, and used these misappropriated trade secrets without Plaintiff's consent, knowing or having reason to now that the trade secrets were acquired by improper means.

212.    As a direct consequence of Defendants' misappropriation, Plaintiff has suffered damages for actual loss and from Defendants' unjust enrichment. These damages include, but are not limited to, damage resulting from harm to Plaintiff's computers and servers, loss in the value of Plaintiff's trade secrets and business information, and harm to business as described above.

213.    Defendants' misappropriation of Plaintiff's trade secrets was willful and malicious. Accordingly, Plaintiff is entitled to exemplary damages in an amount up to twice actual damages awarded, as well as attorneys' fees and costs.

## COUNT XVI
### *TRESPASS (D.C. COMMON LAW)*
### *AGAINST ALL DEFENDANTS)*

214.    Plaintiff realleges and incorporates by reference all prior paragraphs of this Complaint and paragraphs in the counts below as though set forth fully herein.

215.    The Plaintiff owns and operates private computers and utilizes a private computer network. This network and the information contained therein constitutes the property of Plaintiff. Government-official Defendants hacked into the Plaintiff's computers and network. Government-official Defendants agents separately hacked into the Plaintiff's computers and network. These constituted two separate and independent trespasses in the United States. The

hacks provided the Defendants with unauthorized access to the Plaintiff's property in its network.

216.    Defendants have interfered with the Plaintiff's possessory interests in his network and the information contained therein. By means of trespass onto Plaintiff's computer network , Defendants acquired and disseminated confidential and personal information that is Plaintiff's property. Defendants would have been unable to disclose this information but for the illegal trespass. Defendants, therefore, deprived Plaintiff of its possessory interest in maintaining the privacy and confidentiality of his property. As a result, Plaintiff has suffered a diminution in the value of his property, and is entitled to damages.

## COUNT XVII
### VIOLATION OF THE VIRGINIA COMPUTER CRIMES ACT
### (VA. CODE ANN. § 18.2-152.5 ET SEQ.)
### (AGAINST ALL DEFENDANTS)

217.    Plaintiff realleges and incorporates by reference all prior paragraphs of this Complaint and paragraphs in the counts below as though set forth fully herein.

218.    Defendants used Plaintiff's computers and computer networks without authority, obtained property by false pretenses, and converted Plaintiff's property in violation of Va. Code Ann. § 18.2-152.3.

219.    Defendants, with malicious intent:

a. temporarily or permanently removed, halted, or otherwise disabled computer data, computer programs or computer software from the Plaintiff's computer or computer network, in violation of Va. Code Ann. § 18.2-152.4(1);

b. caused the Plaintiff's computers to malfunction, in violation of Va. Code Ann.§ 18.2-152.4(2);

c. altered, disabled, or erased computer data, computer programs or computer software, in violation of Va. Code Ann. § 18.2-152.4(3);

d. used a computer or computer network to make or cause to be made an unauthorized

copy of computer data, computer programs or computer software residing in, communicated by, or produced by a computer or computer network , in violation of Va. Code Ann. § 18.2-152.4(6);

e. installed or caused to be installed, or collected information through, an elogger on the Plaintiff's computers and, without their authorization, in violation of Va. Code. Ann. § 18.2-152.4(8).

220.    Defendants used a computer or computer network and intentionally examined without authority employment, credit, financial, or identifying information relating to other persons, in violation of in Va. Code. Ann. § 18.2-152.5.

221.    Each Defendant knowingly aided, abetted, encouraged, induced, instigated, contributed to and assisted in the violation of Va. Code Ann.§ 18.2-152.3, § 18.2-152.4, and § 18.2-152.5.

222.    Defendants' violations of the foregoing provisions caused Plaintiff injury. This injury includes, but is not limited to, injury resulting from harm to Plaintiff's computers and servers, loss in the value of Plaintiff's trade secrets and business information, and harm to business as described above. Plaintiff is entitled to recover damages and the costs of suit under Va. Code Ann. § 18.2-152.12.

## COUNT XVIII
### THE PRIVACY ACT (5 U.S.C. § 552a)
### (AGAINST ALL DEFENDANTS)

223.    Plaintiff realleges and incorporates by reference all prior paragraphs of this Complaint and paragraphs in the counts below as though set forth fully herein.

224.    The right to privacy most often is protected by statutory law. The right to privacy refers to the concept that one's personal information is protected from public scrutiny. U.S.

Justice Louis Brandeis called it "the right to be left alone."

225.    Defendants shared Plaintiff's private information without Plaintiff's consent.

226.    Defendants sold Plaintiff's private information without Plaintiff's consent.

227.    Each Defendant knowingly aided, abetted, encouraged, induced, instigated, contributed to and assisted in the violation of 5 U.S.C. § 552a (The Privacy Act).

228.    All Defendants' violations of the foregoing provisions caused Plaintiff injury. This injury includes, but is not limited to, injury resulting from harm to Plaintiff's computers and servers, loss in the value of Plaintiff's trade secrets and business information, and harm to business as described above. Plaintiff is entitled to recover damages and the costs of suit under U.S. law and Va. Code Ann. § 18.2-152.12.

## COUNT XIX
### *OFFICIAL SUPPRESSION (18 PA Cons Stat § 5301) (2014)*
### *(AGAINST ALL DEFENDANTS)*

229.    Plaintiff realleges and incorporates by reference all prior paragraphs of this Complaint and paragraphs in the counts below as though set forth fully herein.

230.    18 PA Cons Stat § 5301 states:  A person acting or purporting to act in an official capacity or taking advantage of such actual or purported capacity commits a misdemeanor of the second degree if, knowing that his conduct is illegal, he:

(1) subjects another to arrest, detention, search, seizure, mistreatment, dispossession, assessment, lien or other infringement of personal or property rights; or
(2) denies or impedes another in the exercise or enjoyment of any right, privilege, power or immunity.

231.    Each Defendant government-official through the official's own individual actions, has violated the US Constitution and knowingly aided, abetted, encouraged, induced, instigated, contributed to and assisted in the violation of 18 PA Cons Stat § 5301 (Official Suppression)

232.    All Defendants' violations of the foregoing provisions caused Plaintiff injury. This injury includes, but is not limited to, injury resulting from harm to Plaintiff's personal data on papers, computers and servers, loss in the value of Plaintiff's good reputation and business information, and harm to business as described above. Plaintiff is entitled to recover damages and the costs of this suit under U.S. law, Pennsylvania law, and Va. Code Ann. § 18.2-152.12.

## COUNT XX
### *CONSPIRACY AGAINST RIGHTS (18 U.S. Code § 241)*
### *(AGAINST ALL DEFENDANTS)*

233.    Plaintiff realleges and incorporates by reference all prior paragraphs of this Complaint and paragraphs in the counts below as though set forth fully herein.

234.    18 U.S. Code § 241 (Conspiracy against rights) states: If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured—They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated

sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death. [29]

235.    Each Defendant government-official through the official's own individual actions, has violated the US Constitution and knowingly aided, abetted, encouraged, induced, instigated, contributed to and assisted in the violation of 18 U.S. Code § 241 (Conspiracy against rights).

236.    Each Defendant government-official through the official's own individual actions has violated the US Constitution and knowingly  conspired to conceal, withhold, and destroy official records and this conspiracy continues.

237.    Each Defendant government-official through the official's own individual actions, has violated the US Constitution and knowingly violations of the foregoing provisions caused Plaintiff injury. This injury includes, but is not limited to, injury resulting from harm to Plaintiff's personal data on papers, computers and servers, loss in the value of Plaintiff's good reputation and business information, and harm to business as described above. Plaintiff is entitled to recover damages and the costs of this suit under U.S. law and Va. Code Ann. § 18.2-152.12.

**COUNT XXI**
***DEPRIVATION OF RIGHTS UNDER COLOR OF LAW***
*(18 U.S. Code § 242 )*
*(AGAINST ALL DEFENDANTS)*

238.    Plaintiff realleges and incorporates by reference all prior paragraphs of this

---

[29] See June 25, 1948, ch. 645, 62 Stat. 696; Pub. L. 90–284, title I, § 103(a), Apr. 11, 1968, 82 Stat. 75; Pub. L. 100–690, title VII, § 7018(a), (b)(1), Nov. 18, 1988, 102 Stat. 4396; Pub. L. 103–322, title VI, § 60006(a), title XXXII, §§ 320103(a), 320201(a), title XXXIII, § 330016(1)(L), Sept. 13, 1994, 108 Stat. 1970, 2109, 2113, 2147; Pub. L. 104–294, title VI, §§ 604(b)(14)(A), 607(a), Oct. 11, 1996, 110 Stat. 3507, 3511.

Complaint and paragraphs in the counts below as though set forth fully herein.

239.    Section 242 of Title 18 makes it a crime for a person acting under color of any law to willfully deprive a person of a right or privilege protected by the Constitution or laws of the United States.

240.    18 U.S. Code § 242 (Deprivation of rights under color of law) states: If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured—They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

241.    Each Defendant knowingly aided, abetted, encouraged, induced, instigated, contributed to and assisted in the violation of 18 U.S. Code § 242  (Deprivation of Rights Under Color of Law)

242.    Each Defendant government-official through the official's own individual actions, has violated the U.S. Constitution and knowingly violated the foregoing provisions caused Plaintiff injury. This injury includes, but is not limited to, injury resulting from harm to Plaintiff's loss of his good credit, personal data on papers, computers, software, inventions and servers, loss

in the value of Plaintiff's reputation and business information, and harm to business as described above. Plaintiff is entitled to recover damages and the costs of this suit under U.S. law and Va. Code Ann. § 18.2-152.12.

**COUNT XXII**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

***(VIRGINIA COMMON LAW)***

***(AGAINST ALL DEFENDANTS)***

243.    Plaintiff realleges and incorporates by reference all prior paragraphs of this Complaint and paragraphs in the counts below as though set forth fully herein.

244. The tort of intentional infliction of emotional distress is defined as the Defendant acting abominably or outrageously with the intention of causing the Plaintiff to suffer severe emotional distress.

245.    Defendant's actions were both extreme and outrageous and caused the Plaintiff to suffer physical harm.

246.    The tort of intentional infliction of emotional distress has four elements:

*(1) the Defendant must act intentionally or recklessly;*

*(2) the Defendant's conduct must be extreme and outrageous; and*

*(3) the conduct must be the cause*

*(4) of severe emotional distress.* [30]

247.    Defendant's actions met all four elements described heretofore.

_____

[30] See Hyatt, 943 S.W.2d at 297. See Violation of Restatement (Second) of Torts section 46 cmt. d (1965).

248.    As a result, Plaintiff suffered injuries and is entitled to damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants each and every one of them on all Counts, and see such relief as specified below for all Counts for which such relief is provided by law:

a)    Awarding Plaintiff damages in an amount to be determined, including but not limited to all damages and losses suffered by Plaintiff as a result of the illegal hacking, theft, and the subsequent release of Plaintiff's confidential documents and/or Plaintiff's response to and remediation related thereto;

b)    Awarding Plaintiff compensatory and treble damages, as available, in an amount to be proven at trial;

c)    Awarding Plaintiff the financial gain earned by Defendants as a consequence of the violations described herein;

d)    Awarding Plaintiff statutory damages, as available;

e)    Awarding Plaintiff punitive damages, as available;

f)    Issuing a declaration that: Defendants, according to proof, conspired to and did engage in a common scheme to effect the illegal and unauthorized hacking of Plaintiff's computer systems and/or personal emails and the exfiltration of confidential information; disseminated that stolen information to the public; and used that disclosed stolen information to kidnap and falsely arrest and imprison the Plaintiff for their own gain;

g)    Issuing an injunction restraining Defendants and their officers, agents, servants,

employees, assigns, and those acting in active concert or participation with them from:

      *a. Accessing Plaintiff's computer networks and/or personal emails without*

      *Plaintiff's authorizations;*

      *b. Engaging in any activity that disrupts, diminishes the quality of, interferes with*

      *the performance of, or impairs the functionality of Plaintiff's computer networks*

      *or personal emails; and*

      *c. Selling, publishing, distributing or using any property or information obtained*

      *from Plaintiff's computer networks or personal emails without Plaintiff's*

      *authorization;*

      *d. Removing, extracting, or copying any information or data from Plaintiff's*

      *property, computers, software or personal emails without Plaintiff's authorization;*

      h)      Awarding Plaintiff all costs and attorneys' fees to the full extent permitted under the applicable law;

      i)      Awarding Plaintiff pre- and post-judgment interest as permitted by law;

      j)      Order Defendant Schuylkill County Bar Association to return all funds stolen from Real Estate taxes by them to the public to be returned to the Plaintiff and the public;

      k)      An order enjoining Defendants from continuing to withhold any and all nonexempt records responsive to Plaintiff's Right to Know Law and Freedom of Information Act law requests;

      l)      For injunctive relief that a forensic computer expert inspect and review the Supreme Court of Pennsylvania, Borough of Minersville, Pennsylvania Attorney General, Schuylkill County District Attorney, and Schuylkill County Bar Association servers and its

contents, including possibly-recoverable deleted emails, to locate any and all email messages which may be responsive to the Plaintiff's Right to Know Law and Freedom of Information Act law requests and/or that qualify as official records, official business, or documents that should be the property of the State, and also for further injunctive relief that any email messages which are truly private (according to the Court's understanding not by the Defendant's' self-serving definition) be maintained as confidential and be returned to the Defendants.

m)      An order pursuant to 18 U.S.C. § 2071(b) that Defendants Saylor, Toomey, Shapiro, and O'Pake, be disqualified from holding any elected and/or appointed office under the United States;

n)      An order pursuant 18 U.S.C. § 1961 et seq. to Defendant Federal Reserve Bank of New York to fully restore Plaintiff's access to credit that was damaged by the Defendants;

o)      An order pursuant 18 U.S.C. § 1961 et seq. to Defendant Federal Reserve Bank of New York to deny Defendant Borough of Minersville the ability to violate the laws of the United States.

p)      An order requiring Defendants to keep their promise to and obey the Universal Declaration of Human Rights.

q)      An order declaring Defendant Borough of Minersville a criminal enterprise;

r)      An order declaring all Defendants harmed the Plaintiff under Count XXII, and to pay Plaintiff $12 Million U.S Dollars in damages for the said injuries.

s)      Any other relief the Court deems just or proper.

Date: May 9, 2018.

**JURY DEMANDED**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Respectfully submitted,

Edward Thomas Kennedy
401 Tillage Road
Breinigsville, Pennsylvania 18031
pillar.of.peace.2017@protonmail.com
kennedy2018@alumni.nd.edu
Telephone: 415-2751244
Fax: 570-6091810.

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2018, that I filed a copy of the foregoing COMPLAINT

PURSUANT TO RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT

AND OTHER CAUSES OF ACTION at the office of the Clerk of Court at United States

District Court for the Southern District of New York Manhattan Division location, to:
Ruby J. Krajick, Clerk of Court
The United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

by USPS Priority mail with delivery confirmation and respectfully served this by USPS regular

mail to Justice Anthony M. Kennedy at his Washington DC office location.

EDWARD THOMAS KENNEDY

U.S. POSTAGE
PAID
CENTER VALLEY, PA
18034
MAY 09, 18
AMOUNT

**$6.70**

1006          10007          R2305K141695-05

# PRIORITY
# ★ MAIL ★

 **DATE OF DELIVERY SPECIFIED\***

 **USPS TRACKING™ INCLUDED\***

 **INSURANCE INCLUDED\***

 **PICKUP AVAILABLE**

\* Domestic only

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.

FROM:

Edward Thomas Kennedy
401 Tillage Rd.
Breinigsville PA 18031

Pro Se
SM

USM P3
SDNY

TO:

~~District Court for the Southern District of New York, Manhattan Division~~
Ruby J. Krajick, Clerk of Court
The United States District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

Expected Delivery Day: 05/11/2018

**USPS TRACKING NUMBER**



9505 5127 1606 8129 1844 71