UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWARD THOMAS KENNEDY,

              Plaintiff,

-against-

BOROUGH OF MINERSVILLE, et al.,

              Defendants.

18-CV-4274 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, a resident of Breinigsville, Pennsylvania, brings this *pro se* action under the civil provision of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964, alleging that Defendants conspired to deprive him of public records created or held by Defendants Borough of Minersville, which is located in Pennsylvania, and Defendant Chief Justice Thomas G. Saylor of the Supreme Court of Pennsylvania. He names sixteen identified persons and entities as Defendants, and he states that they all reside in Pennsylvania, except for Defendant Federal Reserve Bank of New York (Federal Reserve), which he claims "knowingly or unknowingly finances Defendant Borough of Minersville." (Compl. at 7.) For the following reasons, this action is transferred to the United States District Court for the Middle District of Pennsylvania.

**DISCUSSION**

    In actions asserting civil RICO claims, venue is governed by 18 U.S.C. § 1965(a), which states that the action must be brought "in the district court of the United States for any district in which [a RICO defendant] resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a). For venue purposes, a "natural person" resides in the district where the person is domiciled, 28 U.S.C. § 1391(c)(1), and "an entity with the capacity to sue and be sued . . . ,

whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question," 28 U.S.C. § 1391(c)(2).

Plaintiff filed this complaint regarding events occurring in Pennsylvania, and he states that all of the defendants except for the Federal Reserve reside in Pennsylvania. Because Plaintiff alleges that the Federal Reserve resides in this district, venue appears to be proper in this district under 18 U.S.C. § 1965(a).

Even though venue appears to be proper here, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-27 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424 (LAK), 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative

facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under § 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Pennsylvania, where most of the defendants reside and where both documentary evidence and witnesses are likely to be found. Venue is therefore proper in the Middle District of Pennsylvania. *See* 18 U.S.C. § 1965(a). Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the District of Pennsylvania. 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Middle District of Pennsylvania. The Clerk of Court is further directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 25, 2018
         New York, New York

                                                COLLEEN McMAHON
                                             Chief United States District Judge