UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD THOMAS KENNEDY, Plaintiff | ) ) ) | CIVIL ACTION NO. 3:18-cv-1325 |
| v. | ) ) ) | (MANNION, D.J.) |
| BOROUGH OF MINERSVILLE, *et al.*, Defendants | ) ) ) ) | (ARBUCKLE, M.J.) |

ORDER

On May 14, 2018, in the Southern District of New York, Plaintiff filed a complaint (Doc. 2) alleging a violation of his rights and designating his complaint as a Federal Question involving Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18:U.S.C. §1964 (a). Contemporaneously with the complaint he filed a Motion to Proceed *in forma pauperis* (Doc. 1). On June 25, 2018, The Southern District of New York correctly transferred the action to the Middle District of Pennsylvania (Doc. 5).

IT IS HEREBY ORDERED that Plaintiff's Motion requesting leave of court to proceed *in forma pauperis* (Doc. 3) is GRANTED.

Having been granted leave to proceed *in forma pauperis*, Plaintiff is subject to the screening provisions in 28 U.S.C. § 1915(e). *See Atamian v. Burns*, 236 F. App'x 753, 755 (3d Cir. 2007) ("the screening procedures set forth in 28 U.S.C. § 1915(e) apply to *in forma pauperis* complaints filed by prisoners and non-

prisoners alike."). Under this statute, the Court is required to dismiss any action that is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). *See Collins v. Cundy,* 603 F.2d 825, 828 (10th Cir. 1979) ("[T]here is no constitutional right to the expenditure of public funds and the valuable time of federal courts to prosecute an action which is totally without merit.").

Before Service of Process is ordered this Court is obligated to screen the complaint. Therefore **the Clerk is directed to refrain from Issuing a Summons** until I screen the complaint and, if appropriate, order service. This screening will take place as soon as practicable in accordance with the statue.

**IT IS FURTHER ORDERED** that Plaintiff shall immediately advise the Court of any change in address. Failure to do so may result in dismissal for failure to prosecute if the Court and other parties are unable to serve pleadings, orders, and other documents upon the plaintiff. If service is unable to be completed due to Plaintiff's failure to properly name any defendant, or provide an accurate mailing address, he will be required to correct this deficiency.

Date: October 9, 2018                     BY THE COURT

                                          *s/William I. Arbuckle*
                                          William I. Arbuckle
                                          U.S. Magistrate Judge