UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD THOMAS KENNEDY,<br>Plaintiff | ) <br> ) <br> ) | CIVIL ACTION NO. 3:18-cv-1325 |
| v. | ) <br> ) <br> ) | (MANNION, D.J.) <br><br> (ARBUCKLE, M.J.) |
| BOROUGH OF MINERSVILLE, et al., <br> Defendants | ) <br> ) <br> ) | |

REPORT AND RECOMMENDATION

Before the Court is a Motion by the Plaintiff to Dismiss this case without prejudice. For the reasons stated I will recommend that the Motion be Granted.

BACKGROUND

On May 14, 2018, in the Southern District of New York, Plaintiff filed a complaint (Doc. 2) alleging a violation of his rights and designating his complaint as a Federal Question involving Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18:U.S.C. §1964 (a). Contemporaneously with the complaint he filed a Motion to Proceed *in forma pauperis* (Doc. 1). On June 25, 2018, The Southern District of New York correctly transferred the action to the Middle District of Pennsylvania (Doc. 5). On October 9, 2018, I granted Plaintiff's Motion for IFP status (Doc. 9) but deferred service until screening could take place pursuant to 28 U.S.C. § 1915(e). *See Atamian v. Burns*, 236 F. App'x 753, 755 (3d Cir. 2007) ("the screening procedures set forth in 28 U.S.C. § 1915(e) apply to *in*

*forma pauperis* complaints filed by prisoners and non-prisoners alike."). In that Order I explained that under this statute, the Court is required to dismiss any action that is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). *See Collins v. Cundy,* 603 F.2d 825, 828 (10th Cir. 1979) ("[T]here is no constitutional right to the expenditure of public funds and the valuable time of federal courts to prosecute an action which is totally without merit.").

On January 12, 2019, the Plaintiff filed a Motion to Dismiss Without Prejudice (Doc. 11). He does not indicate a specific reason, but states that "it is my wish." Since no person has been served, there is no response from any of the defendants. Mr. Kennedy has several other cases in this court. The plaintiff should be the master of his case.

DISCUSSION

Voluntary dismissal in Federal Court is governed by Rule 41 which states:

> **(a) Voluntary Dismissal.**
> **(1)** *By the Plaintiff.*
> **(A)** *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
> **(i)** a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
> **(ii)** a stipulation of dismissal signed by all parties who have appeared.
> **(B)** *Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously

dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Fed. R. Civ. P. 41

Because the Plaintiff is *pro se,* he may not have realized that he could simply file a Notice of Dismissal under Rule 41. Rather than require an additional filing, I will simply recommend Dismissal.

RECOMMENDATION

For these reasons, I RECOMMEND that:

1. Petitioner's Motion to Dismiss Without Prejudice be GRANTED; and,

2. The Clerk of Court CLOSE this case.

Date: January 22, 2019                    BY THE COURT

                                          *s/William I. Arbuckle*
                                          William I. Arbuckle
                                          U.S. Magistrate Judge

## NOTICE OF RIGHT TO OBJECT UNDER LOCAL RULE 72.3 AND 28 U.S.C. § 636 (b)

NOTICE IS HEREBY GIVEN that any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.

Date: January 22, 2019            BY THE COURT

*s/William I. Arbuckle*
William I. Arbuckle
U.S. Magistrate Judge